

FILED
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

JUN 11 2020

_____
DEPUTY CLE:

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:20-cr-00110 |
| | ) | |
| v. | ) | |
| | ) | 15 U.S.C. § 78j(b) |
| | ) | 15 U.S.C. § 78ff |
| | ) | 17 C.F.R. § 240.10b-5 |
| | ) | 18 U.S.C. § 1028A(a)(1) |
| FREDERICK M. STOW | ) | 18 U.S.C. § 1343 |

# INFORMATION

### COUNTS ONE THROUGH THREE

THE UNITED STATES ATTORNEY CHARGES:

At all times material to this Information:

### I. Background

1. During the period of 1997 through approximately May 2019, **FREDERICK M. STOW** held the title of Investments Vice President at Raymond James & Associates, Inc. ("Raymond James"), a financial services firm located in Franklin, Tennessee. He also served as a registered investment advisor representative, and held the Series 7, Series 63, and Series 65 Financial Industry Regulatory Authority licenses.

2. Individuals D.C. and W.P. held retirement and investment accounts at Raymond James. Those accounts were managed by **FREDERICK M. STOW** during his employment at Raymond James.

### II. The Scheme to Defraud

3. Beginning in or around October 2015 and continuing until in or around May 2019, **FREDERICK M. STOW** devised and intended to devise a scheme and artifice to defraud and to obtain money from certain clients, including D.C. and W.P., by means of false and fraudulent

pretenses, representations and promises; including forging his clients' signatures onto authorization letters, stealing and embezzling monies held in his clients' Individual Retirement Accounts ("IRA") and other accounts; and converting those monies to his own personal benefit and the benefit of others without the knowledge or authorization of his clients.

4. It was part of the scheme to defraud that **FREDERICK M. STOW** knowingly created Money Movement Wire Letters of Authorization bearing the forged signatures of clients D.C. and W.P. These letters falsely represented that clients D.C. and W.P. consented to the transfer of tens of thousands of dollars from their accounts to personal bank accounts owned by **STOW**.

5. It was further part of the scheme that **FREDERICK M. STOW** conducted certain trade transactions from those accounts, without the knowledge or permission of clients D.C. and W.P. For example, **STOW** initiated the sale and redemption of funds and assets held in the accounts of clients of D.C. and W.P. **STOW** subsequently used the proceeds of these transactions to fund transfers into bank accounts belonging to or associated with **STOW**.

6. It was further part of the scheme that **FREDERICK M. STOW** unlawfully and without authorization withdrew money from his clients' accounts, and subsequently deposited the funds into bank accounts belonging to or associated with **STOW**.

7. As a result of the scheme to defraud, **FREDERICK M. STOW** obtained a combined total of approximately $933,500 dollars from clients D.C. and W.P.

III. <u>Wire Fraud</u>

8. On or about the dates set forth below, in the Middle District of Tennessee and elsewhere, **FREDERICK M. STOW**, for the purpose of executing the aforementioned scheme and artifice to defraud, and to obtain money by means of false and fraudulent pretenses, representations, and promises, and attempting to do so, did knowingly cause to be transmitted by

means of wire communication in interstate commerce, writings, signs, signals, and pictures, namely by engaging in unauthorized transfers of funds from clients' accounts, without their knowledge and without their consent, to **STOW**'s personal bank accounts, and thereafter concealing and attempting to conceal his fraudulent activities by providing false and misleading information to his employer and the clients, as more specifically set forth below:

| Count | Date of Wire | Description of Interstate Wire |
|---|---|---|
| ONE | On or about October 29, 2015 | Transfer from IRA account of customer D.C., in the amount of $25,000.00 |
| TWO | On or about April 4, 2018 | Transfer from IRA account of customer D.C., in the amount of $10,000.00 |
| THREE | On or about April 29, 2019 | Transfer from IRA account of customer W.P., in the amount of $22,400.00 |

All in violation of Title 18, United States Code, Section 1343.

## COUNT FOUR

THE UNITED STATES ATTORNEY FURTHER CHARGES:

9. The allegations contained in Paragraphs 1 through 8 of Counts One Through Three of the Information are incorporated and re-alleged as if fully set forth herein.

10. On or about April 29, 2019, in the Middle District of Tennessee and elsewhere, **FREDERICK M. STOW**, did knowingly and without lawful authority transfer, possess, and use one or more means of identification of another person that may be used either alone or in conjunction with any other information to identify a specific individual, that is, the name, and IRA account number of W.P., a person known to the United States Attorney, knowing that such person was a real person and not a fictitious person, during and in relation to the commission of a felony offense enumerated in Title 18, United States Code, Section 1343, Wire Fraud.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FIVE

THE UNITED STATES ATTORNEY FURTHER CHARGES:

11. The allegations contained in Paragraphs 1 through 8 of Counts One Through Three of the Information are incorporated and re-alleged as if fully set forth herein.

12. Beginning in or about October 2015 and continuing until in or about May 2019, in the Middle District of Tennessee and elsewhere, **FREDERICK M. STOW**, did unlawfully, knowingly and willfully, directly and indirectly, by the use of any means and instrumentalities of interstate commerce, the mails, and facilities of national securities exchanges, would and did use and employ manipulative and deceptive devices and contrivances, in connection with the purchase and sale of securities and investments, in contravention of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5, by (a) employing devices, schemes and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon persons in connection with the purchase and sale of investments through Raymond James. **STOW** defrauded Raymond James and investors by (i) initiating the sale and redemption of funds and assets held in clients' accounts without the knowledge and permission of these clients; (ii) creating false Money Movement Wire Letters of Authorization; and (iii) stealing, embezzling, and converting investor funds to his personal use and benefit.

All in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

## FORFEITURE ALLEGATION

THE UNITED STATES ATTORNEY FURTHER CHARGES:

1. The allegations contained in this Information are re-alleged and incorporated by reference as if fully set forth in support of this forfeiture.

2. Upon conviction of any of Counts One Through Five of this Information, **FREDERICK M. STOW** shall forfeit to the United States of America, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and Title 18, United States Code, Section 981(a)(1)(C), as incorporated by Title 28, United States Code, Section 2461(c):

    a. any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1343; Title 18, United States Code, Section 1028A; or Title 15, United States Code, Sections 78j(b) and 78ff or a conspiracy to commit such offense including but not limited to:

        i. MONEY JUDGMENT. A money judgment in an amount to be determined, representing the amount of proceeds traceable to a violation of Title 18, United States Code, Section 1343; Title 18 United States Code, Section 1028A; or Title 15, United States Code, Sections 78j(b) and 78ff or a conspiracy to commit such offense.

3. If any of the property described above, as a result of any act or omission of **FREDERICK M. STOW**:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property, and it is the intent of the

United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of **FREDERICK M. STOW**, up to the value of said property listed above as subject to forfeiture, including but not limited to a money judgment representing the value of said property.

DONALD Q. COCHRAN
UNITED STATES ATTORNEY

*/s/ Stephanie N. Toussaint*

STEPHANIE N. TOUSSAINT
ASSISTANT UNITED STATES ATTORNEY